NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  15a0094n.06

Case No. 14-1515

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 30, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TYNNETTA DEAN-LIS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JOHN McHUGH, Secretary, United States | ) | MICHIGAN |
| Army, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  SUTTON, McKEAGUE, and KETHLEDGE, Circuit Judges.

SUTTON, Circuit Judge.  Tynnetta Dean-Lis, a civilian employee of the United States Army, filed a complaint against one of her supervisors with the Army's Equal Employment Opportunity office.  That did not go over well with her superiors, she claims, and they allegedly retaliated against her for filing the complaint.  After filing two additional EEO complaints, Dean-Lis sued the Army for employment discrimination.  The district court rejected her claim as a matter of law and granted summary judgment to the Army.  We affirm.

Dean-Lis, an African-American woman, worked for the Army's Tank Automotive Command from 1986 to 2009.  In 2004, she filed an EEO complaint alleging that her supervisor discriminated against her because of her race and gender.  Dean-Lis and the Army settled that

complaint in June 2005. Soon after, she transferred to a new team within the Tank Command and became an assistant program manager there. Her new first-level supervisor was Lt. Col. Jerry Winberry. His boss, and her second-level supervisor, was Patricia Plotkowski.

According to Dean-Lis, Winberry and Plotkowski retaliated against her for filing the EEO complaint. In May 2008, Plotkowski reassigned Dean-Lis to a new role, leaving her as an assistant program manager but asking her to serve on a different team. As Dean-Lis saw it, this was a demotion. Despite the unchanged job title, she says, the new position "wasn't a program management position at all"; it was a glorified "administrative clerk job." R. 40-2 at 17, 19; R. 40-4. Perceiving the reassignment as retaliatory, Dean-Lis filed a second EEO complaint. She never worked in the new position, however. She took sick leave before the transfer became effective, and the leave lasted until she retired on disability grounds in 2009.

Things did not improve despite her absence from work and her second complaint. Dean-Lis claims that, at one point, Plotkowski tried to trick her into transferring to a new position that would be unfunded after one year. After the parties settled the second complaint in October 2008, the Army changed Dean-Lis's sick leave to leave without pay, which temporarily cancelled her benefits. In February 2009, Dean-Lis received a mixed performance review— unflattering comments from her supervisors but a positive rating overall. Upon reading the review, she concluded that Lt. Col. Winberry, Plotkowski, and a third supervisor, Don Paskulovich, had provided "false, malicious and libelous statements" to the reviewing authorities. R. 1 at 7.

Dean-Lis filed a third EEO complaint in April 2009. The Tank Command's EEO office investigated the complaint and issued a preliminary report, but the investigation stalled. Dean-Lis eventually reached out to her United States senator, Debbie Stabenow, to report what she saw

as the mishandling of her complaint by the Tank Command. Dean-Lis says that Senator Stabenow requested a copy of the EEO file, but the Army refused in bad faith to hand it over.

Dean-Lis sued the Secretary of the Army in March 2011. She alleges that the Army violated Title VII in two ways: her superiors retaliated against her for filing EEO complaints, and the resulting harassment created a hostile work environment. The Army moved to dismiss any claims based on acts that took place before February 17, 2009, because Dean-Lis had not reported them to the Army on time. The district court granted the motion in part, ruling that the earlier acts could not form the basis of a retaliation claim but could serve as evidence of a hostile work environment. In March 2014, the court granted summary judgment for the Army.

We give fresh review to the district court's summary judgment decision. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 569 (6th Cir. 2003) (en banc). Summary judgment is appropriate if there is "no genuine dispute as to any material fact," even after giving Dean-Lis the benefit of all reasonable inferences in the record, and the Army is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

*Retaliation.* Dean-Lis argues that the Army violated Title VII by retaliating against her for filing the 2004 EEO complaint. *See* 42 U.S.C. § 2000e-3(a). She provides no direct evidence to that end, requiring us to analyze the claim under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Under that framework, Dean-Lis initially must establish a prima facie case of retaliation: (1) she engaged in "protected" activity under Title VII; (2) the Army knew about that activity; (3) the Army responded by taking a "materially adverse" action toward her; and (4) the Army would not have taken this action but for the protected activity. *Laster v. City of Kalamazoo*, 746 F.3d 714, 730

(6th Cir. 2014); *see Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). If the claimant satisfies this requirement, the burden shifts to the employer to identify a non-retaliatory explanation for its actions. *Serrano v. Cintas Corp.*, 699 F.3d 884, 893 (6th Cir. 2012). If the employer satisfies that requirement, the burden shifts back to the employee to establish that the employer's explanation was pretextual and that the adverse employment action stemmed from retaliation due to Dean-Lis's protected activities. *Id.*

Dean-Lis cannot shoulder her threshold burden of establishing a prima facie case of discrimination, as the district court correctly held. The key failing is causation. She concedes that Lt. Col. Winberry plotted against her only because she would not "help [him] get rid of" *another employee* that he "[h]ated." R. 40-2 at 22. The EEO complaint thus had nothing to do with his actions, she acknowledged. *Id.* Nor did the EEO complaint influence Paskulovich, she also acknowledged. He "harass[ed]" her, she said, only because "Colonel Winberry asked him to." *Id.* Dean-Lis tries to link Plotkowski's actions to the 2004 EEO complaint, but she provides no evidence to back it up. Plotkowski was upset, Dean-Lis believes, because the employee at the center of the complaint was being "groom[ed]" to become a "star" in the Tank Command, and the complaint put a "mark on [his] record." R. 40-2 at 23. But when asked how she knew such anger motivated Plotkowski, Dean-Lis responded, "Why else?" *Id.* at 24. Other than this sheer speculation, she offers only this: Plotkowski supposedly acted "very odd" when Dean-Lis reported incidents of retaliation, and apparently Plotkowski's subordinates were "whispering" about Dean-Lis's imminent demise. *Id.* All of this too is but "pure speculation," Dean-Lis's "subjective beliefs" about Plotkowski's actions. *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 483 (6th Cir. 2014); *Hall v. All Am. Plywood Co.*, 232 F.3d 482, 488 (6th Cir. 2000).

Without more, she cannot survive summary judgment. *See Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004).

Dean-Lis falls back on a single response: timing. But this too falls short. The settlement of her second EEO complaint in October 2008, it is true, came months before the allegedly false statements in February 2009. Yet Dean-Lis conceded at oral argument that timing is the *only* evidence of causation she has. That is not enough to get to a jury. "Temporal proximity alone," we have said, "cannot establish a causal connection." *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 675 (6th Cir. 2013).

*Hostile work environment.* Dean-Lis separately argues that her superiors created a hostile work environment by harassing her for filing the initial EEO complaint. *See Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000). Once again, the *McDonnell Douglas* burden-shifting framework applies, and once again Dean-Lis must prove a prima facie case. *Id.* at 792–93. Here too she must show that her protected activity (the 2004 EEO complaint) *caused* the adverse action ("severe or pervasive retaliatory harassment by a supervisor," *id.* at 792), and here too she cannot make that showing.

The key problem is that she twice forfeited her causation argument. She did so first in the district court. In her brief responding to the Army's motion for summary judgment, Dean-Lis had only this to say: She "ha[d] met her burden of showing . . . [a] causal connection," and the district court could look to her attached affidavit if it needed anything more. R. 46 at 11; *see* R. 46-11. That does not fly. "Judges are not like pigs, hunting for truffles buried in" the record. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam). "[I]t was [Dean-Lis's] job to point to the evidence with specificity and particularity in the relevant brief rather than just dropping a pile of paper on the district judge's desk and expecting him to sort it out." *Wimbush*

*v. Wyeth*, 619 F.3d 632, 638 n.4 (6th Cir. 2010). Her affidavit is weak on causation anyway. All that she says is that "she was told that she would never be given a promotion after her protected EEO activity," but by whom she does not say, and we cannot assume that it was a supervisor. R. 46-11 at 17. She says that Lt. Col. Winberry "did not want to have anything to do with what they wanted to do to [her]," but what they "wanted to do" she fails to mention. *Id.* at 23. She adds that Lt. Col. Winberry wrote e-mails describing the "planned retaliation effort against [her]," but she again leaves out the "who" and the "why." *Id.* at 24.

Dean-Lis also forfeited any causation arguments on appeal. She admitted at oral argument that the district court rejected her hostile-work-environment claim in part for failure to demonstrate causation. Yet neither her initial brief before this court nor her reply brief addresses that ruling. A party cannot reverse a district court's judgment based on a ground never argued.

For these reasons, we affirm.